

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# Linda Guyden v. Prudential Life Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Linda Guyden v. Prudential Life Ins" (2009). *2009 Decisions.* Paper 1225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  08-3108
_____

LINDA GUYDEN

v.

PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No.  2-00-cv-04563)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2009

Before: McKEE, HARDIMAN and GREENBERG, *Circuit Judges*.

(Filed: June 5, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

This appeal arises from a dispute between Linda Guyden and her employer, Prudential Life Insurance Company. Guyden sued Prudential in the United States District Court for the District of New Jersey, alleging racial discrimination and retaliation. The Honorable Alfred Lechner compelled arbitration at Prudential's request. After the arbitrator ruled in Prudential's favor, Guyden moved to vacate the arbitration award pursuant to 9 U.S.C. § 10(a)(4). After Judge Lechner retired, this case was reassigned to the Honorable Katharine Hayden. On July 15, 2008, Judge Hayden ordered limited discovery to decide Guyden's motion. Prudential appeals from that order.

Prudential asserts that we have jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(E), which allows for appeals from orders "modifying, correcting, or vacating an [arbitration] award." We disagree. The District Court's order did not vacate the arbitration award, but merely ordered discovery so that it may later determine whether to vacate the award. Though the District Court's language indicated it was "grant[ing]" Guyden's motion "in part," "the appealability of an order depends on its effect rather than its language." *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). Although the District Court's order might be a prelude to a final order vacating or modifying the award, it is not a final order vacating an arbitration award under 9 U.S.C. § 16.

Prudential asserted in its May 27, 2009 Rule 28j letter that jurisdiction lies because the District Court has (1) "made clear that it intends to decide the enforceability of [the arbitration] agreement," and (2) "modified and vacated [the] arbitral decision" regarding

2

the grant of discovery. With regard to the first argument, we agree that the District Court has indicated that it intends to decide the enforceability of the arbitration agreement; otherwise, there would be no reason to order discovery with regard to Guyden's contract defenses. However, by reviewing the enforceability of the agreement, the District Court has not overturned the arbitrator's decision; instead, it has effectively reconsidered Judge Lechner's decision of August 30, 2001, which held that the question of arbitrability was to be decided by the arbitrator. In essence, Prudential asserts that the District Court "intends" to decide the enforceability of the arbitration agreement, not that it has done so already.

With regard to the second argument, we agree that the District Court's order of limited discovery on the issue of enforceability conflicts with the approach taken by the arbitrator in his decision of December 3, 2004, which found the agreement to be enforceable without the need for discovery. However, the December 3, 2004 interim order cannot be fairly characterized as an "award." Therefore, though the District Court's order of limited discovery conflicts with that decision, we decline to find that it "modif[ied], correct[ed], or vacat[ed] an *award*." The final arbitration award — indeed, the only award in this case, dated February 16, 2007 — remains in place.

Accordingly, the District Court's order of limited discovery does not confer appellate jurisdiction, and we will dismiss Prudential's appeal.